## DÍAZ v. THE DISTRICT COURT.

### APPLICATION for a Writ of *Certiorari.*

No. 9.—Decided December 21, 1905.

LAWYERS—CAPACITY TO ACT IN THE NAME OF THE PARTIES.—A lawyer has not the capacity to act in the name of the party in an action unless he has been appointed to represent him by such party.

CERTIORARI—PURPOSE THEREOF.—The writ of *certiorari* will not issue to correct errors of law committed in judgments, but only against the proceedings of a lower court when the same are not had in accordance with law, or when the judge refuses to proceed without a good reason therefor.

CRIMES AGAINST DECENCY—MISDEMEANOR—PUNISHMENT.—As the Code does not fix any special punishment for persons committing the crime defined in section 288 of the Penal Code, but merely classifies the same as a misdemeanor, the commission of such a crime should be punished in accordance with the provisions of section 16 of the Penal Code.

CERTIORARI—ORDINARY REMEDY.—The writ of *certiorari* will not issue where there is an ordinary and adequate remedy whereby the party may obtain reparation for the damage which may have been caused him in a proceeding prosecuted before the lower court.

APPEAL—BOND FURNISHED BY ACCUSED.—Where an accused is condemned to the payment of a fine and furnishes an undertaking to remain at liberty during the pendency of an appeal, such undertaking will be held to answer not only for the appearance of the accused as often as he may be required by the court to appear but also for the payment of such fine, and the secretary must deduct the amount of the same from the amount deposited in cases where it remains on deposit at the final of a judgment for the payment of a fine.

The facts are stated in the opinion.

*Mr. Falcon* for petitioner.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

Attorney Ramon Falcon made an application to this Supreme Court on behalf of Juan Díaz, a resident of this city, for a writ of *certiorari,* alleging that criminal proceedings having been prosecuted in the Municipal Court of San Juan against Isabel Caballero for a violation of section 288 of the Penal Code, she was sentenced to imprisonment for six months and to pay a fine of $200; that an appeal having been taken from this judgment to the district court, and a new trial having been held in the latter, the judgment of the municipal court was affirmed, but the sentence was increased to imprisonment for one year and the fine to $250, which judgment was subsequently affirmed by this Supreme Court on appeal taken therefrom by the defendant, Isabel Caballero; that upon taking this appeal to this court bail was fixed at $500, which sum was furnished in cash by Juan Díaz, the clerk of the district court giving him a receipt which showed the delivery of this sum as the bond demanded of Isabel Caballero for the appeal; that the execution of the judgment having been ordered, the defendant was committed to jail; and upon Juan Díaz asking for the return of the bond, as he thought it was no longer necessary, the district court ordered that the $250 of the fine and the costs should be deducted therefrom; the petitioner made the proper motion to the court opposing this order, which motion was overruled, as was also a motion by the defendant, Isabel Caballero, to reduce the fine to $200, on the ground that a misdemeanor being involved, and no specific sum for the fine being determined, the petitioner believed that the provisions of section 19 of the Penal Code, in concordance with section 27 of said Code, should apply; that under the circumstances they were obliged to pray for the intervention of this Supreme Court in the matter of the execution of said judgment, by means of a writ of *certiorari* to determine and fix the legal procedure to be observed, issuing an order to this end to the District Court of San Juan requiring it to forward a certified copy of all the proceedings had in the execution of the final judgment,

as well as of the receipt issued to the petitioner Juan Díaz when he deposited the $500 cash bond, and that it be finally held:

"First. That the cash bond furnished by Juan Díaz is not answerable for the payment of the fine imposed in the sentence against Isabel Caballero, which bond was cancelled upon her being committed to jail to serve her sentence.

"Second. That the defendant, Isabel Caballero, having been punished under the provisions of section 288 of the Penal Code, which does not limit the time of the punishment nor fix the amount of the fine, but qualifies the act as a misdemeanor, the provisions of section 19 of said Code apply, and the fine could not exceed $200.

"Third. That the district court having imposed a higher fine than authorized by the Code, the sentence be set aside with respect to the fine imposed, or that it be reduced to $200."

The order prayed for having issued to the judge of the District Court of San Juan, he forwarded the original record of the cause prosecuted against Isabel Caballero, which, as a matter of fact, confirms all the facts alleged by the petitioner, Juan Díaz, and contains the original receipt issued to him by the secretary of the district court when he furnished the bond, said document reading as follows:

"I have received from Juan Díaz Cruz the sum of $500 as the bond furnished to obtain the liberty of Isabel Caballero, pending the appeal taken by said defendant, Isabel Caballero, to the Supreme Court of Porto Rico. San Juan, P. R., October 28, 1905.—Luis Méndez Vas, secretary, by Isidoro Delgado, assistant secretary."

Now, then, in view of these facts, the undersigned believes that none of the prayers of the petitioner, Juan Díaz, should be granted.

With regard to the setting aside of the sentence, or otherwise the reduction of the fine imposed on Isabel Caballero, the petition cannot be granted, because Attorney Falcon is not a legal party to make such a petition on behalf of Isabel Caballero, because it does not appear that she has designated

him in any way to represent her, nor does he so allege in his petition, and because a writ of *certiorari* is not granted for the correction of any errors of law which may be committed in judgments, but only against the proceedings in the lower court when they do not conform to the provisions of law, or when a judge refuses to act without just cause preventing him from so doing; this, apart from the fact that the judgment rendered by the District Court of San Juan against Isabel Caballero, and later affirmed by the Supreme Court, does not contain the error alleged by counsel for Díaz, as the fine imposed upon the defendant conforms to the provisions of section 16 of the Penal Code, according to which "except in cases where a different punishment is prescribed by this Code, every offense declared to be a misdemeanor is punishable by imprisonment in jail not exceeding two years, or by fine not exceeding $250, or by both," which exactly covers the case of Isabel Caballero, because she was sentenced for a violation of section 288 of the Penal Code, which does not prescribe a definite punishment for the crime, but confines itself to declaring it a misdemeanor, and consequently, it must be punished in accordance with the provisions of section 16 of the said Penal Code.

With reference to the petitioner Juan Díaz, his prayer cannot be granted either, because having other ordinary remedies of which he can avail himself to secure a return of the bond, he cannot avail himself of the extraordinary remedy of *certiorari*, which writ, according to the jurisprudence already announced by this Supreme Court in a number of cases, will not issue except when the party has no other remedy in the ordinary course of the law to obtain reparation for the damage which may have been caused him by the sentence of the judge; and, in the second place, because the district court has not committed any error in directing the deduction from the cash bond furnished by the petitioner of the amount of the fine and the costs imposed upon Isabel Caballero by the judgment, inasmuch as the bond he furnished

for the latter in order that she might remain at liberty pending the decision of the appeal which she took to the Supreme Court, was for the purpose not only of producing the defendant whenever the court should deem it proper, but also for the payment of the fine and costs, as is to be inferred from sections 375 and 392 of the Code of Criminal Procedure, the first of which provides: "If the appeal is from a judgment imposing a fine only, the defendant may be admitted to bail on the undertaking of bail that he will pay the same, or such part of it as the Supreme Court may direct, if the judgment is affirmed or modified, or the appeal is dismissed;" and the second that "When money has been deposited, if it remains on deposit at the time of a judgment for the payment of a fine, the clerk must, under the direction of the court, apply the money in satisfaction thereof, and after satisfying the fine and costs, must refund the surplus, if any, to the defendant." Both of these provisions support the order of the judge of the District Court of San Juan directing the deduction of the fine and costs imposed on Isabel Cabellero from the $500 deposited as the bail, by Juan Díaz, and that the surplus be refunded to him.

In view of these considerations, the undersigned justice is of the opinion that the application of the petitioner should be denied in all respects, with the costs.

*Denied.*

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Wolf did not take part in the decision of this case.